MEMORANDUM *
Pablo Cobb appeals the district court’s order denying his petition for a writ of habeas corpus. We affirm. On the basis of the record before us, we cannot say that the California Court of Appeal acted contrary to clearly established federal law in concluding that Cobb’s confession was admissible.[1] See 28 U.S.C. § 2254(d).
Although police ignored Cobb’s initial invocation of his right to silence, the dialogue that eventually led to Cobb’s confession was reinitiated by Cobb himself at the suggestion of — and after conferring *208 with — his girlfriend. The failure to suppress did not violate clearly established law in light of the circumstances surrounding Cobb’s reinitiation and his subsequent waiver of his right to silence. Cobb cites no Supreme Court precedent which supports his position, and we have found none.
Nor did the police violate Cobb’s right to counsel. Although authorities may have overheard Cobb privately telling his girlfriend that he wanted a lawyer, this statement did not amount to an unambiguous request for counsel. See Davis v. United States, 512 U.S. 452, 458-59, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994). This is especially true in light of the trial court’s finding that Cobb’s girlfriend was not acting at the behest or direction of the police, a finding that is supported by the record and presumed correct.[2] See Rupe v. Wood, 93 F.3d 1434, 1444 (9th Cir.1996).
Similarly, Cobb’s statement prior to his confession, “Can I — can I talk to you with a lawyer or I have to talk to you?” was too ambiguous to invoke his right to counsel.[3] See Davis, 512 U.S. at 459, 114 S.Ct. 2350; Clark v. Murphy, 331 F.3d 1062, 1072 (9th Cir.2003) (holding statement “should I be telling you, or should I talk to an attorney?” insufficient to invoke right to counsel).
Finally, under the totality of the circumstances, Cobb’s confession was not involuntary under the Fourteenth Amendment. See Pollard v. Galaza, 290 F.3d 1030, 1033-34 (9th Cir.2002).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the facts and prior proceedings are known to the parties, we restate them here only as necessary to explain our disposition.

. The dissent invokes a Fourth Circuit case, Hyatt v. Branker, 569 F.3d 162, 169 (4th Cir.2009), to suggest that if police overheard the defendant ask a relative for counsel, such an overheard request binds police as an unambiguous request under Davis. Dissent at 208-09. But because this is not a Supreme Court case, the state appellate court’s failure to follow it cannot violate the AEDPA.

. The dissent relies on one of our pre-AEDPA cases to suggest that the detective "was ‘attempting] to impose a penalty on [Cobb’s] invocation' of his constitutional rights.” Dissent at 209 (quoting Collazo v. Estelle, 940 F.2d 411, 417 (9th Cir.1991) (en banc) (alterations in original)). It then further suggests that the state appellate court’s denial of this claim was unreasonable. But, again, because no Supreme Court case is cited in support of this assertion, the state court’s action could not have been an unreasonable application of Supreme Court case law, as AEDPA, § 2254(d)(1), requires.